**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>COLE,<br><br>        Debtor.<br><br>OLUSHEGU COLE,<br><br>        Appellant,<br><br>v.<br><br>MARIE-ANN GREENBERG, Chapter 13 Standing Trustee,<br><br>        Appellee | Civil Action No. 16-2552<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This matter comes before the Court by Debtor Appellant Olushegu Cole's appeal of a final Order of the United States Bankruptcy Court, District of New Jersey dated April 6, 2016 by the Honorable Kathryn C. Ferguson. D.E. 1. Appellant filed a brief in support of his appeal and Appellee Marie-Ann Greenberg, Chapter 13 Standing Trustee, filed a brief in opposition. D.E. 3, 4. For the reasons that follow, the Order of the Bankruptcy Court is **AFFIRMED**.

    **I.    BACKGROUND**

      Cole filed a Chapter 13 bankruptcy petition on January 30, 2012, which was confirmed by order on July 23, 2012. B.D.E. 1, 23. Greenberg, the Standing Trustee, subsequently made

disbursements under the Plan, including one payment to the City of Newark Water Department for $40.26. B.D.E. 25. For unknown reasons, the City of Newark did not cash the disbursement check. Greenberg filed a "Notice of Reserve of the Claim," stating that the funds would be placed in reserve until the City made a written request to receive the money, and that "the funds will be sent to the United States Bankruptcy Court upon the closing of the case." B.D.E. 28. The City did not make any request to receive the disbursement or withdraw its claim, and Cole did not object to the claim.

The case was ultimately dismissed on April 30, 2014, after Cole fell behind on his plan payments. B.D.E. 48. On June 17, 2014, Greenberg filed a notice stating that the $40.26 payment to the City of Newark remained unclaimed, and the amount should be deposited with the Bankruptcy Court Clerk. B.D.E. 51. Cole filed a motion for payment of unclaimed funds arguing that funds paid into the plan post-petition belonged to the debtor after dismissal. Therefore, according to the motion, the money that was earmarked for the City of Newark should be returned to Cole.[1] B.D.E. 54. After hearing oral argument on the motion on April 6, 2016, Judge Ferguson denied the relief sought. B.D.E. 59. In concluding that Appellant was not entitled to receive any post-petition funds, Judge Ferguson determined, in part, that *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015), which is discussed at length below, was not controlling because Appellant's bankruptcy

---

[1] The motion also asserted claims on behalf of Leroy McKenley, who filed a separate Chapter 13 bankruptcy case, and a proposed class of petitioners whose unclaimed funds were paid to the Bankruptcy Court upon dismissal or closure of their Chapter 13 cases. B.D.E. 54. The Bankruptcy Court denied Cole's request to certify a class under Federal Rule of Civil Procedure 23. *See* May 2, 2016 Bankruptcy Hearing at T4:10-7:5, D.E. 3-2. Appellant refers to a proposed class action and class members in this appeal but did not appeal the Bankruptcy Court's decision to deny class certification and failed to address the class certification issue in his opening brief. Consequently, this Court is not addressing whether the case should proceed as a class action. *See, e.g.*, *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

case was dismissed rather than converted to a Chapter 7 liquidation. May 2, 2016 Bankruptcy Hearing T7:15-20, D.E. 3-2.

Appellant appeals only this limited component of the Bankruptcy Court order. Specifically, Appellant argues that *Harris* mandates that a debtor's funds be returned to the debtor after a Chapter 13 bankruptcy case is dismissed, converted from Chapter 13 to Chapter 7, or closed.

## II. APPELLATE JURISDICTION

A district court has appellate jurisdiction over the final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). When sitting as an appellate court reviewing a decision of the bankruptcy court, the district court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)). Because this appeal involves a purely legal issue, this Court reviews *de novo* the Bankruptcy Court Order denying Appellant's request to turnover funds.

## III. DISCUSSION

Appellant asserts a very limited issue through this appeal – whether *Harris v. Viegelahn* is controlling precedent. Accordingly, this is the only issue that the Court will address.

Appellant maintains that in *Harris*, the Supreme Court changed the old procedure of paying unclaimed funds to the Clerk of the Bankruptcy Court. Appellant contends that as a result, post-petition funds belong to the debtor and therefore must be returned to the debtor when his or her Chapter 13 case is "dismissed, converted or otherwise closed." App. Br. at 4-5, D.E. 3. Greenberg counters that Appellant's reliance on *Harris* is misplaced because *Harris* only addressed the treatment of undisbursed funds when a Chapter 13 case is converted to a Chapter 7 case. Because

3

in this instance Appellant's Chapter 13 case was dismissed and not converted, *Harris* does not apply. Apl. Br. at 4-5, D.E. 4.

In *Harris*, the Supreme Court determined that a Chapter 13 "debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee." *Harris*, 135 S. Ct. at 1835. There, the petitioner filed a Chapter 13 bankruptcy petition and the Bankruptcy Court confirmed his Chapter 13 plan. *Id.* at 1836. After petitioner fell behind on payments, Chase bank, a creditor under the plan, received permission from the Bankruptcy Court to foreclose on petitioner's home. Following the foreclosure, the Chapter 13 trustee continued to receive a portion of petitioner's monthly wages but stopped making the payments that were earmarked for Chase. *Id.* "As a result, funds formerly reserved for Chase accumulated in [the trustee's] possession." *Id.* Petitioner eventually exercised his statutory right to convert his Chapter 13 case to one under Chapter 7. After the conversion, the Chapter 13 trustee distributed the accumulated post-petition wages to other creditors, petitioner's counsel, and herself. *Id.*

The Supreme Court relied on 11 U.S.C. § 348 to determine that post-petition funds belong to the debtor upon conversion. Section 348 addresses the effect of conversion of bankruptcy cases, and Subsection (f) provides that absent bad-faith on the part of the debtor, a debtor's post-petition funds do not become part of the Chapter 7 estate even if the funds were in the hands of the Chapter 13 trustee when the case was converted.[2] *Id.* at 1837. The Court determined that "[a]llowing a terminated Chapter 13 trustee to disburse the very same earnings to the very same creditors is incompatible with that statutory design." *Id.*

---

[2] Section 348(f) states that upon conversion, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A).

4

In addition, Section 348(e) provides that conversion "terminates the service of any trustee . . . that is serving in the case before such conversion." 11 U.S.C. § 348. As a result, "[t]he moment a case is converted from Chapter 13 to Chapter 7 . . . the Chapter 13 trustee is stripped of authority to provide" the "core service . . . [of] disbursement of 'payments *to creditors*.'" *Harris*, 135 S. Ct. at 1838 (internal quotations omitted). The Supreme Court determined that the distribution of funds constitutes making payments to creditors, while returning those funds to a debtor does not. *Id.* "Accordingly, under *Harris*, funds held by the Chapter 13 trustee in a confirmed case that have not yet been distributed to creditors at the time of the case's conversion to Chapter 7 must be returned to the debtor." *In re Edwards*, 538 B.R. 536, 539 (Bankr. S.D. Ill. 2015).

In essence, *Harris* is a case of statutory interpretation of Section 348; the provision of the Bankruptcy Code that governs the effect of conversion of a case from one chapter to another. But here, Appellant's case was dismissed. Thus, Section 348 was inapplicable. "Unlike conversion of a [C]hapter 13 case, which is governed by [Section] 348, dismissal of a [C]hapter 13 case is governed by [Section] 349." *In re Kirk*, 537 B.R. 856, 859-60 (Bankr. N.D. Ohio 2015). *Harris* does not interpret Section 349. Moreover, the critical language of Section 348 that the Supreme Court relied on in *Harris* does not appear in Section 349. Namely, Section 349 does not address termination of the trustee's services or that absent bad faith, post-petition funds belong to the debtor. *Compare* 11 U.S.C. § 348(e), (f), *with* § 349. As a result, because *Harris* only addresses Section 348 and not Section 349, it is not controlling on Appellant's underlying bankruptcy case.[3]

---

[3] The Court recognizes that there may be a colorable argument that Sections 348 and 349 are similar enough such that the reasoning of *Harris* applies to Section 349 by analogy. This was not briefed by Appellant in his appeal. The Court, therefore, will not consider this argument. *See, e.g.*, *Pelullo*, 399 F.3d at 222. Similarly, the Court is not addressing whether Appellant may be entitled to his post-petition funds even without relying on *Harris*. *See, e.g.*, *In re Michael*, 699 F.3d 305, 313 n.6 (3d Cir. 2012) ("Moreover, if a Chapter 13 debtor is concerned about obtaining funds held by the Chapter 13 trustee, he can dismiss his case rather than convert."); *In re Edwards*,

*In re Kirk*, 537 B.R. at 859 (concluding that *Harris* did not apply in dismissed Chapter 13 case because "the Supreme Court based its holding . . . on [Section] 348, which only governs conversion."); *see also In re Brandon*, 537 B.R. 231, 235 (Bankr. D. Md. 2015) (determining that a Chapter 13 case that is dismissed prior to confirmation "presents a situation entirely different from *Harris*" because the Chapter 13 provisions "hold sway"). Consequently, Judge Ferguson did not err when she concluded that *Harris* was inapplicable to Appellant's bankruptcy case because the case was dismissed and not converted. Further, Appellant is not entitled to the return of his post-petition funds based on his contention that *Harris* is controlling over his case.

## IV.  CONCLUSION

For the reasons set forth above, the Bankruptcy Court Order is **AFFIRMED**, and accordingly the appeal is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: April 21, 2017

                                        **s/ John Michael Vazquez**
                                        John Michael Vazquez, U.S.D.J.

---

538 B.R. at 541 (concluding post-petition property held by the trustee at the time of dismissal must be distributed to the debtor due to Section 349(b)(3) and "the effect of dismissal on a Chapter 13 case"). The Court declines to address these arguments *sua sponte* and they were not raised by Appellant. To be clear, the Court is also not ruling that had Appellant raised the additional arguments that Appellant would have necessarily prevailed.